**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANTANA TESORO, LLC, | |
| PLAINTIFF, | CASE NO.: 1: 26-CV-00987 |
| V. | |
| DHSADFA; AND THE INDIVIDUALS AND ENTITIES OPERATING DHSADFA, | HON. JUDGE JOHN F. KNESS |
| DEFENDANTS. | |

**AMENDED COMPLAINT**

Plaintiff, Santana Tesoro, LLC ("Tesoro" or "Plaintiff"), by its undersigned counsel, hereby complains of dhsadfa; and the individuals and entities operating dhsadfa (collectively, "Defendants"), which use at least the online marketplace account at https://us.shein.com/store/home?store_code=4712140999 (the "Defendant Internet Store"), and for its Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1114, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claim is so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. This Court has personal jurisdiction over Defendants, in that Defendants conduct business in Illinois and this Judicial District, and the acts and events giving rise to this lawsuit, of which Defendants stands accused, were undertaken in Illinois and within this Judicial District.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendants directly target consumers in the U.S., including Illinois, through a fully interactive, commercial Defendant Internet Store. Defendants are committing tortious acts, engaging in interstate commerce, and wrongfully causing substantial injury in the State of Illinois.

## INTRODUCTION

4. This action has been filed to combat the online trademark infringement and counterfeiting activity of Defendants, who trade upon Plaintiff's valuable trademarks by selling and/or offering for sale unauthorized products in connection with Plaintiff's federally registered trademarks (hereinafter "Counterfeit Products").

5. Plaintiff, Santana Tesoro, LLC, is the owner of the federally registered Santana Trademarks, listed in the table below – true and correct copies of which are attached hereto as **Exhibit 1** (collectively, "Santana Trademarks").

| SANTANA TRADEMARKS | | | |
|---|---|---|---|
| REG. NO. | MARK | CLASS(ES) OF GOODS & SERVICES | REG. DATE |
| 2,996,432 | SANTANA | IC 009: musical sound recordings. | September 09, 2005 |
| 2,876,815 | SANTANA | IC 041: entertainment, namely musical live performances. | August 08, 2004 |
| 3,866,562 | SANTANA | IC 009: Musical sound recordings.; IC 041: Entertainment services in the nature of live musical performances. | October 10, 2010 |

6. In an effort to deceptively profit from the Santana Trademarks, Defendants utilize the Defendant Internet Store, designed to give the impression that it is a legitimate licensee or reseller of authentic products manufactured or authorized by Tesoro, with Defendants' ultimate intention being to deceive unknowing consumers into purchasing Counterfeit Products.

2

7. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, tarnishment, loss of control over its creative work, among others, as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

8. Plaintiff is incorporated in Nevada and located at 11035 Lavender Hill Dr., Suite 160, #426, Las Vegas, Nevada 89135.

9. Plaintiff owns, manages, and licenses intellectual property related to the internationally renowned rock band, Santana ("Santana").

10. Santana was formed in 1966 in San Francisco, California, by guitarist, Carlos Santana. The band has sold over forty- seven (47) million albums in the US, and an estimated one hundred (100) million worldwide. In 1998, Santana was inducted into the Rock and Roll Hall of Fame, and in 2000, the band won eight Grammy Awards for hit singles "Smooth" and "Maria, Maria." Spanning six decades, Santana has been a pioneer for inclusion of Latin music into the mainstream and remains beloved by fans of every generation around the world.

11. Santana is currently preparing for the latest leg of its Oneness Tour, beginning on March 28, 2026, where they will perform throughout the United States.

12. Santana merchandise includes clothing, musical instruments, accessories like candles, scarves, tote bags, stickers, tote patches, bandanas, accessories for musical instruments, and various other items which are distributed and sold to consumers throughout the United States (the "Santana Products"). The following are examples of genuine Santana Products:

3

| AUTHENTIC PRODUCT EXAMPLES |
| --- |



13.     The Santana Trademarks are inherently distinctive, valid, subsisting, in full force and effect; are incontestable under 15 U.S.C. § 1065; have been used exclusively and continuously; qualify as famous marks under 15 U.S.C. § 1115(b); and identify Santana Products as merchandise originating from Plaintiff. The trademark registrations constitute prima facie evidence of their validity and of Tesoro exclusive right to use the Santana Trademarks pursuant to 15 U.S.C. § 1057(b).

14.     Tesoro has continuously sold products using the Santana Trademarks, and given its long-standing use, strong trademark rights have amassed in the Santana Trademarks. The Santana Trademarks are famous marks and valuable assets of Tesoro.

15.     Santana Products typically include at least one of the registered Santana Trademarks.

16.     Plaintiff owns the exclusive rights to develop, manufacture, distribute, license, sell, promote and otherwise exploit goods and services of every kind and nature based upon or derived from the Santana Trademarks.

17.     Plaintiff has expended significant time, energy, money, and resources into promoting Santana Trademarks and Santana Products. As a result of Plaintiff's efforts, Santana

4

Products are widely known and recognizable and are exclusively associated by consumers as being sourced from the Plaintiff. The recognition and goodwill associated with the brand is of incalculable and inestimable value to the Plaintiff.

18. Tesoro has made efforts to protect its interests in and to the Santana Trademarks. Tesoro and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing or featuring the Santana Trademarks.

19. Plaintiff has not licensed or authorized Defendants to use the Santana Trademarks nor as resellers of Santana Products.

## THE DEFENDANTS

20. Defendants are individuals and/or business entities whose true identities are unknown and concealed. Upon information and belief, the Defendants reside in the People's Republic of China.

21. Defendants operate a fully interactive online marketplace account utilizing, at least, the SHEIN marketplace platform ("Online Marketplace").

22. The Defendant Internet Store is using and/or has used the Santana Trademarks, without authorization to do so, in connection with the offering for sale, selling, marketing, and distributing of Counterfeit Products in direct competition with the Plaintiff, from at least November 22, 2025.

## THE DEFENDANTS' UNLAWFUL CONDUCT

23. Defendants are using the Santana Trademarks without authorization in their product listing titles and as keywords in the metadata of the Defendant Internet Store in connection with Counterfeit Products. See **Exhibit 2** attached hereto showing the infringing use.

5

24. Defendants' use of the Santana Trademarks is identical in appearance to that of Plaintiff's use, and done so in a manner, which suggests to the consumer, that the source or origin of the Counterfeit Products is the Plaintiff.

25. Defendants' Counterfeit Products are intentionally designed to look identical or similar to genuine Santana Products.

26. Both Plaintiff and Defendants advertise and sell their products using the Santana Trademarks, in the same area and in the same manner, via the Internet, and during the same timeframe.

27. Defendants' unlawful use of the Santana Trademarks, and unfair competition, draw would-be consumers of Plaintiff's authentic Santana Products away from Plaintiff and to the Defendant Internet Store.

28. Potential consumers purchasing Santana Products are diverse, with varying degrees of sophistication, likely to have difficulty distinguishing genuine Santana Products from Counterfeit Products.

29. Consumers who intend to purchase authentic Santana Products are purchasing the Counterfeit Products and are receiving inauthentic, low-quality items which consumers associate with the Plaintiff.

30. Upon information and belief, counterfeiters, such as Defendants, operate numerous online marketplace accounts and/or ecommerce stores. As such, it is likely that Defendants may be infringing upon Plaintiff's intellectual property in ways not yet determined.

31. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $350 billion in annual online sales.[1] According to

---

[1] *See* "2020 Review of Notorious Markets for Counterfeiting and Piracy," OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Executive Office of the President. 85 FR 62006 (October 1, 2020).

an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[2] Internet websites and e-commerce stores like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

32.     As addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above mentioned digital Online Marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[3]

33.     Counterfeiters, like Defendants, frequently change their public facing store names, business names, and address information, switch marketplace platforms, and remove or change marketing campaigns in an effort to evade detection for their infringement and to hide the extent of their counterfeiting operation.

34.     Further, counterfeiters, like Defendants, typically operate multiple payment processor and merchant accounts through online marketplaces and third party payment processors like PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), and Stripe, Inc. ("Stripe") (collectively, the "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts.

---

[2] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).

[3] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/ files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

35. Upon information and belief, counterfeiters, like the Defendants, often maintain offshore bank accounts and regularly move funds from their Payment Processor accounts outside the jurisdiction of this Court.

36. Defendants, without any authorization or license, have knowingly and willfully infringed the Santana Trademarks in connection with the manufacturing, advertisement, distribution, offering for sale, and sale of illegal, infringing, and counterfeit products into the United States and Illinois.

37. In committing these acts, Defendants have, willfully and in bad faith, committed the following, all of which have caused, and will continue to cause, irreparable harm to the Plaintiff: infringed upon and used counterfeit versions of the Santana Trademarks; created, manufactured, sold, and/or offered to sell Counterfeit Products; used the Santana Trademarks in an unauthorized manner in order to mislead and deceive consumers; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expense of Tesoro.

38. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. § 1114, *et seq.*)

39. Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

40. Defendants have used the Santana Trademarks without authorization in commerce in connection with the sale, offering for sale, distribution, and/or advertising of Counterfeit Products.

41. Without the authorization or consent of Tesoro, and with knowledge of Tesoro's well-known ownership rights in its Santana Trademarks, and with knowledge that Defendants'

8

Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the Santana Trademarks and/or used spurious designations that are identical with, or substantially indistinguishable from, the Santana Trademarks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products.

42. Defendants have manufactured, imported, advertised, promoted, distributed, displayed, offered for sale, and/or sold Counterfeit Products to the purchasing public in direct competition with Tesoro and the Santana Products, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Santana Trademarks through their participation in such activities.

43. Defendants have applied reproductions, counterfeits, copies, and colorable imitations of the Santana Trademarks to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, advertising, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public, and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff, through which Defendants make substantial profits and gains to which they are not entitled in law or equity.

44. Defendants' unauthorized use of the Santana Trademarks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized

9

or licensed by Plaintiff, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Santana Trademarks.

45. Defendants' actions constitute counterfeiting of the Santana Trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

46. As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss, irreparable injury, and damage to Tesoro, its business, its reputation, and its valuable rights in and to the Santana Trademarks and the goodwill associated therewith, in an amount as yet unknown.

47. Tesoro has no adequate remedy at law for this injury, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Tesoro and its valuable Santana Trademarks.

48. Based on Defendants' actions as alleged herein, Tesoro is entitled to injunctive relief, damages for the irreparable harm that Tesoro has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as well as all gains, profits, and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per-counterfeit mark per-type of goods sold, offered for sale, or distributed, and reasonable attorneys' fees and costs.

## COUNT II
### FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
### (15 U.S.C. § 1125, *et seq.*)

49. Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

50.     Plaintiff, as the owner of all right, title, and interest in and to the Santana Trademarks has standing to maintain an action for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125.

51.     Defendants' manufacturing, distribution, marketing, offering for sale, and sale of Counterfeit Products has created and continues to create a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff.

52.     By using the Santana Trademarks in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

53.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

54.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of Tesoro, its Santana Products, and Santana Trademarks.

55.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Tesoro by depriving Plaintiff of sales of its Santana Products and by depriving Tesoro of the value of its Santana Trademarks as commercial assets in an amount as yet unknown.

56.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

11

**COUNT III**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, *et seq.*)**

57.     Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

58.     Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of Defendants' goods, thus causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Santana Products, through Defendants' representation that Defendants' Counterfeit Products have Plaintiff's approval, when they do not.

59.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

60.     As a direct result of the Defendants' unlawful acts, Defendants have irreparably harmed Plaintiff in an amount as yet unknown and obtained profits they would not have otherwise realized but for their infringement of Plaintiff's trademarks.

61.     Plaintiff has no adequate remedy at law, and unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a.   using the Santana Trademarks or any reproductions, copies, or colorable imitations thereof, in any manner, in connection with the manufacturing, distribution,

12

marketing, advertising, importing, offering for sale, or sale of any product, that is not an authorized Santana Product or is not authorized by Plaintiff to be sold in connection with the Santana Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff, nor approved by Plaintiff, in association with its Santana Trademarks;

c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff and which bear the Santana Trademarks; and,

d. further infringing the Santana Trademarks and damaging Plaintiff's goodwill.

2) That those in privity with Defendants, including the Online Marketplace and Payment Processors, and any related entities, shall disable and cease displaying all product listings through which Defendants engage in the sale of Counterfeit Products which bear the Santana Trademarks.

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered trademarks, pursuant to 15 U.S.C. § 1114;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff; and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

6) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered trademarks; and, b) otherwise injured the

13

business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

8) Any and all other relief that this Court deems just and proper.

Dated: February 5, 2026            Respectfully submitted,

*/s/ Alison K. Carter*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago, Illinois 60604
www.scip.law
a.carter@scip.law
929-724-7529

***ATTORNEYS FOR PLAINTIFF***